FRANK PETRAMALO, JR., ESQUIRE
DENIS F. GORDON, ESQUIRE
GORDON & BARNETT
1133 21st Street, N.W., Suite 450
Washington, D.C. 20036
(202) 833-3400

ROGER L. ERICKSON, ESQUIRE
Nevada State Bar No. 000207
ERICKSON, THORPE & SWAINSTON, LTD.
99 West Arroyo Street
Post Office Box 3559
Reno, Nevada 89505
(775) 786-3930



CV-N-99-00539-DWH (RAM)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

David W. Allen, Al Austgen, Christopher F.
Austin, Randall W. Awker, Robert Bach, David A.
Baldi, Victor L. Barber, Robert Barry,
Stephen E. Behringer, Jenny Beatty, Reginald Belcher,
Peter A. Bennett, Edna C. Bennison, Timothy Benson,
Michael C. Best, Jeffrey L. Bies, Dennis D. Bjorkman,
Stephen R. Blair, Timothy A. Bosse,
Michael P. Boyle, David R. Bradley, Jerry L. Briggs,
Mark C. Brown, David J. Buchmiller, Kevin Buchner,
Christian Buerk, Buddy Burke, Andrew N. Burkig,
Robert Byggere, Michael Caraker, Frank Carrannante, Jr.,
James E. Case, Mark Chandler, James L. Chase,
Steven N. Chiarchianis, Theodore J. Choley,
Timothy K. Christian, Alan B. Christoffersen, David E.
Ciciora, Robert D. Clark, Steven V. Claude, Warren Clobes,
Robert L. Collins, William D. Collorn, Edward B. Cook,
Larry W. Cox, Alan G. Cruise, Troy Culver, Paul J. Derocher,
Tim A. Diefenbach, Christopher J. Durand, Barney L. Durham,
Joseph Dye, James P. Eggers, David R. Elliot, Todd E. Ewing,
John R. Eychaner, Edgar R. Fergus, Robert B. Finnelly,
Edward G. Fisk, James C. Fitzgerald, Edwin Fletcher, Karen J.

Case No.

COMPLAINT
JURY DEMAND

1.

Fontaine, Richard L. Francis, Kenneth D. Fuhrmann, Garth L.
Gabrielson, Charles Garrett, Steve Gillis, Gary E. Gobeille,
Jan Gordon, William Gower, Bryce Gradert, David Gray,
Steven A. Green, Glenn Gunter, Michael E. Hagberg,
Lawrence Hansen, Gregory A. Hanson, Edward W. Heilbrun,
Greg L. Helleckson, Jeff Hemstad, John W. Heyn, Harvey Hiatt,
Jay P. Hill, David L. Hinman, Lawrence Holloway, Kirk M.
Holte, Robert D. Hudspeth, Richard Hutton, Richard Irwin,
Daniel R. Johnson, Randy Johnson, Richard A. Jones, Robert G.
Jones, Thomas C. Kahley, Pete Karkeck, Glenn A. Kinach,
Edward C. Kneip, Richard J. Kosco, Gordon W. Kraus,
Tony D. Kyritsis, Max Lambert, Jessy Larsen, Robert H. Laustrup,
Ron Lawson, Christian J. Leary, George W. Lingle,
Robert J. Loudon, John MacDonald, Theresa L. Malley,
Michael J. Mardini, Dan D. Marker, Eric Martorana, Patrick E.
McBurnett, Roy O. McCormick, David M. McGuire, Barry J. McKay,
Douglas W. Messmore, Dennis L. Mitchell, Francis C. Moine,
Larry D. Morelock, David L. Morphew, Michael F. Morter,
Chas R. Mudie, Timothy F. Murley, Douglas R. Mustoe,
James S. Orey, Kenneth A. Osburn, Thomas G. Ott,
Charles B. Outlaw, Richard L. Perkins, William Perry, Ronald A.
Peterson, Michael E. Pile, John S. Purdie, Brian W. Raikes,
Charles G. Raines, John R. Rau, Calvin E. Reeves, Harold P. Reitzig,
Josef H. Reller, David M. Renner, Mark Reusser, Steven F. Reynolds,
Kenneth L. Rice, Elliot J. Richman, Todd A. Richman,
Tracy A. Robbins, Doug Rodewald, John Sahakian, David Sanford,
 Mark Sargent, Robert Scarratt, Steven A. Schmokel, Jeffrey M.
Schnaubelt, John Schnaubelt, Jeff D. Schrager, John Schultz, Gary
Schwarzrock, John M. Scilingo, James R. Scott, Gary O. Sharp,
Bruce E. Sheldon, Christopher D. Smart, Paul J. Smith, Randy L.
Smith, Kurt Staben, Donald L. Staib, Marty O. Steffen, Eric R.
Stevenson, Robert L. S. Taggart, Matthew A. Teare, Guido C. Terzo,
Robert M. Urbas, Scott A. Valdez, Francis J. Vann, David Vidimos,
Richard J. Vitzthum, Jr., Steve Wallerstein, Kim L. Washburn,
Gary A. Weichert, Sara R. Weichert, Kevin J. Whalen, David A. White,
Bradley W. Whiteside, George A. Winkler, Steven R. Winner,
Joseph B. Wisniewski, Kim D. Wood, and Timothy B. Young.

   Plaintiffs,
    v.

American Airlines, Inc., and
Allied Pilots Association,

   Defendants.

## Jurisdiction and Venue

1.  This action arises under the Railway Labor Act, 45 U.S.C. §151, *et seq.*, and the common law of Nevada. The Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 1367. Venue in this district and division is proper under 28 U.S.C. §§1391(b)(1) and (b)(2).

## Parties

2.  All 190 plaintiffs named in the caption are pilots employed by the defendant American Airlines, Inc., a majority of whom are based in Reno and Las Vegas, Nevada. In that capacity they are represented for employment purposes by a labor union, the defendant Allied Pilots Association. Prior to August 31, 1999, all of the plaintiffs were employed as pilots by Reno Air, Inc. ("Reno Air"), and were represented by a different union, the Air Line Pilots Association. All 190 plaintiffs are employees within the meaning of the Railway Labor Act, 45 U.S.C. §§ 151, 182.

3.  The defendant American Airlines, Inc. ("American") is an air carrier engaged in interstate and foreign commerce within the meaning of the Railway Labor Act, 45 U.S.C. §§ 181-82. American is a corporation doing business in Reno and Las Vegas, Nevada, and for venue purposes resides in this district and division. In addition, a substantial part of the events and omissions giving rise

to the claims asserted against American occurred in this judicial district and division.

4.   The defendant Allied Pilots Association ("APA") is a labor union within the meaning of the Railway Labor Act, 45 U.S.C. §§ 151, 182, and is the exclusive representative of all pilots employed by American. The APA is engaged in representing and acting for those pilots in Reno and Las Vegas, Nevada, and for venue purposes resides in this district and division. In addition, a substantial part of the events and omissions giving rise to the claims asserted against APA occurred in this judicial district and division.

## Statement of Claims

5.   On November 19, 1998 American announced publicly its intention to acquire Reno Air, a West Coast carrier headquartered in Reno, Nevada. At that time American had a fleet of approximately 650 aircraft and employed nation-wide approximately 9500 pilots. Reno Air had 27 aircraft and employed approximately 300 pilots, most of whom were based in Reno and Las Vegas. American's stated purpose in acquiring Reno Air was to give American an immediate and substantial presence in the West Coast air travel market. American believed that without the Reno Air fleet and pilot work force it could not grow fast enough to meet American's competitive needs.

6. On December 23, 1998 American consummated its acquisition by buying, through a public tender offer, more than 80% of the outstanding shares of Reno Air. American then announced that Reno's operations, including its fleet and pilot work force, would be merged with those of American. On or about December 23, 1998 APA undertook to represent the interests of the Reno Air pilots by negotiating on their behalf the terms of a merger agreement with American.

7. In January 1999 American and APA began negotiations for that merger agreement to establish the terms and conditions under which the two pilot groups would be combined, including the terms and conditions under which the Reno pilots would continue working at Reno Air until the operational merger of the two carriers was complete. That merger agreement was to amend and complement the existing collective bargaining agreement between American and APA.

8. American, APA, and the Reno pilots understood that one of the key issues for negotiation was the manner in which the pilot seniority lists of the two carriers would be merged. Seniority merger is important because relative pilot seniority governs all facets of pilots' employment at American, including the award of promotional opportunities for higher paying assignments, the monthly bidding of work schedules, and protection from lay off.

5

9. In order to induce Reno Air pilots to tender their shares of Reno Air stock to American, and to continue their employment with Reno Air and ultimately American, the management of American represented in Reno to the Reno Air pilots that their seniority would be merged on a "fair and equitable" basis. The phrase "fair and equitable" is a term of art in airline mergers, and was understood as such by American, APA, and the Reno pilots. Arbitrators and courts have defined it to mean a merged seniority list that protects the pre-merger career expectations of both pilot groups, and does not permit one group to gain advantages at the expense of the other.

10. American further represented in Reno to the Reno pilots that a merged list would not result in the "displacement of any incumbent pilot from any position currently held." American management also represented that the manner of merging seniority lists "will need to be worked out between the unions of the two carriers, before we agree to any necessary contract amendments."

11. All of the above representations by American were false. The Reno pilots, to their detriment, reasonably relied upon those representations.

12. The APA represented in Reno to the Reno pilots that the APA would meet and discuss seniority integration with their representatives before entering negotiations with American on that

subject. Similarly, during the course of negotiations between APA and American, APA represented in Reno to the Reno pilots that it would meet and discuss seniority integration proposals with their representatives before reaching agreement with American. No such meetings and discussions occurred, either before or during negotiations. APA's representations to the Reno pilots were false, and were made in bad faith. The Reno pilots, to their detriment, reasonably relied upon those representations.

13.   The APA also excluded Reno pilot representatives from participating in negotiations with American for a merger agreement, despite their repeated requests to do so. As a result, and over the objections of the Reno pilots, APA unilaterally proposed to American a combined seniority list that placed all 300 Reno Air pilots, including 157 Captains who had up to seven years seniority with Reno, at the bottom of the American pilot seniority list. APA put the Reno pilots, who averaged over 10,000 hours of flight experience, below newly hired, and relatively inexperienced, American Second Officers. APA also proposed displacing all 157 Reno Captains from their positions, and proposed replacing them with APA members. Both the seniority proposal and the displacement proposal were arbitrary and unreasonable. Neither proposal made to American was "fair and equitable."

14. APA's seniority and displacement proposals were meant to punish the Reno pilots who the union blamed, wrongly and in bad faith, for the layoff of approximately 600 American pilots in 1993-94, around the time American closed its San Jose, California pilot base. Those furloughed pilots returned to work in 1995-96.

15. American agreed to APA's proposals knowing that the Reno pilots objected to them; that they were unilaterally formulated by APA, without input from the Reno pilots; that the proposals were arbitrary, unreasonable, and not fair and equitable; and, that the proposals were made in bad faith, and were meant to punish the Reno pilots.

16. In agreeing to those APA proposals American also breached its promises to the Reno pilots that the company would only agree to a "fair and equitable" seniority list; that the combined seniority list would not result in the immediate displacement of any Reno pilots; and, that American would only accept a seniority list produced by agreement of the two pilot groups.

17. On August 31, 1999 American merged, within this district and division, the flight operations and pilot groups of Reno Air and American. In doing so the company implemented APA's proposals by placing all former Reno pilots on the bottom of the seniority list. In addition, on August 31, 1999 American began the process of displacing and demoting former Reno Captains, based in Reno and

Las Vegas, to the First Officer rank, and awarding their Captain positions to APA members who are First Officers. The company similarly began displacing former Reno First Officers from their bases. The effective date of the foregoing displacements and demotions is November 1, 1999.

COUNT 1
(Duty of Fair Representation)

18. The defendant APA undertook to represent the employment interests of the Reno pilots, including plaintiffs, as described above. It, thus, owed them a federally recognized duty of fair representation in accordance with the Railway Labor Act, 45 U.S.C. §151 *et seq.* APA breached that duty by acting toward plaintiffs in a manner that was arbitrary, discriminatory, and in bad faith. APA's unlawful acts, a substantial part of which occurred in this district and division, include at least the following: (a) failing and refusing to engage in meaningful discussions with plaintiffs' representatives regarding seniority list integration, despite representations that it would do so; (b) excluding plaintiffs' representatives from negotiations between APA and American regarding seniority list integration; (c) proposing and securing acceptance from American of an integrated seniority list, and a system for displacing Reno pilots, that were arbitrary, and not fair and equitable; (d) using a merged seniority list, and Reno pilot displacements, to punish plaintiffs for lay-offs of APA members for

9

which Reno pilots were not responsible; and, (e) making material and intentional misrepresentations to plaintiffs' representatives.

19. Because APA breached its duty of fair representation plaintiffs were harmed and injured in their employment as American pilots within this district and division. Such harm includes involuntary displacements and demotions, diminished present and future earnings, diminished present and future promotional opportunities, diminished present and future monthly bidding rights, diminished present and future protection from layoff, and diminished present and future quality of life.

## COUNT 2
(Duty of Fair Representation)

20. The defendant American Airlines participated in, colluded with, and knowingly facilitated APA's breach of its duty of fair representation, and otherwise engaged in wrongful conduct of its own, as described above. American's unlawful acts, a substantial part of which occurred in this district and division, include at least the following: (a) misrepresenting to plaintiffs that they would receive a fair and equitable seniority integration;

(b) misrepresenting to plaintiffs that they would not be displaced or demoted from their positions; (c) excluding plaintiffs' representatives from negotiations between American and APA over the terms of an integrated seniority list, and a system for displacing Reno pilots; (d) agreeing to an integrated seniority list,

and the displacement and demotion of Reno Captains and First Officers, which American admitted to plaintiffs' representatives was arbitrary, and not fair and equitable; (e) agreeing to an integrated seniority list and pilot displacement system that American knew was motivated by APA's desire to punish Reno pilots for lay offs of APA members which occurred in 1993-94; (f) implementing on August 31, 1999 a seniority list which placed all former Reno pilots at its bottom; and, (g) on and after August 31, 1999 displacing and demoting former Reno Captains and First Officers from their positions.

21. Because American participated in, colluded with, and facilitated APA's unlawful conduct, and engaged in its own wrongful acts plaintiffs have been harmed and injured in their employment as American pilots within this district and division. Such harm includes involuntary displacements and demotions, diminished present and future earnings, diminished present and future promotional opportunities, diminished present and future monthly bidding rights, diminished present and future protection from lay-off, and diminished present and future quality of life.

22. APA and American are jointly and severally liable for the harm caused plaintiffs.

## COUNT 3
### (Breach of Promise)

23. The defendant American Airlines, as described above, promised plaintiffs that they would receive a fair and equitable seniority integration; that the company would not accept and implement a merged seniority list unless plaintiffs' representatives agreed with its formulation; and, that a merged seniority list would not result in plaintiffs' immediate displacement and demotion. In consideration for those promises plaintiffs agreed to and undertook employment as pilots by American. The defendant American Airlines breached those promises, and as a result plaintiffs were harmed, as described above.

## COUNT 4
### (Misrepresentation)

24. The defendant American Airlines, as described above, misrepresented to plaintiffs that they would receive a fair and equitable seniority integration; that the company would not accept and implement a merged seniority list unless plaintiffs' representatives agreed with its formulation; and, that a merged seniority list would not result in plaintiffs' immediate displacement and demotion. Plaintiffs reasonably relied on those misrepresentations, and as a result were harmed thereby, as described above.

## Prayer For Relief

25. Plaintiffs seek an order preliminarily and permanently enjoining defendants American and APA from implementing and applying the current pilot seniority list.

26. Plaintiffs seek an order preliminarily and permanently enjoining defendants American and APA from displacing any former Reno pilot from any Captain or First Officer position held on August 30, 1999, and directing restoration for all Reno pilots currently displaced from those positions.

27. Plaintiffs seek an order: (1) directing defendant American and defendant APA to meet and negotiate with plaintiffs' a fair and equitable combined seniority list to replace the current one; and, (2) directing that construction of a fair and equitable seniority list be referred to neutral arbitration, in the event the parties are unable to reach agreement on such a list.

28. Plaintiffs seek compensatory and punitive damages for the harm and injury each has suffered, and will suffer, as a result of defendants' unlawful conduct.

29. Plaintiffs seek an award of their attorneys' fees and costs, and an award of such other relief as the cause of justice may require.

Dated this 1st day of October, 1999

        GORDON & BARNETT
        1133 21st Street, N.W., Suite 450
        Washington, D.C. 20036
        (202) 833-3400

        ERICKSON, THORPE & SWAINSTON, LTD.
        99 West Arroyo Street
        Post Office Box 3559
        Reno, Nevada 89505
        (775) 786-3930

By: *Frank Petramalo* 

    *Roger L. Erickson*
    Attorneys for Plaintiffs

JS 44
Rev. 3/99

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

David W. Allen, et al.

**DEFENDANTS**

American Airlines, Inc. and
Allied Pilots Association

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF FIRST LISTED DEFENDANT _____

CV-N-99-00539-DWH (RAM)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Frank Petramalo, Jr.          Roger L. Erickson
Gordon & Barnett              Erickson, Thorpe & Swainston
1133 21st St., NW             99 West Arroyo St. P.O. Box 3559, Reno, NV 89505
Washington, DC 20036 (202-833-3400)  Reno, NV (775) 786-3930

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

U.S. DISTRICT DISTRICT OF NEVADA RECEIVED OCT 1999 CLERK U.S. DISTRICT COURT DEPUTY

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☒ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Railway Labor Act, 45 U.S.C. Section 151, et seq.  Breach of the duty of fair representation owed plaintiffs in connection with the merger of Reno Air, Inc. and American Airlines, Inc.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____  Paid Amt $ 150

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

Receipt # 8606

DATE 10/1/99

SIGNATURE OF ATTORNEY OF RECORD

Frank Petramalo   Roger L. Erickson

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS–44

## Authority For Civil Cover Sheet

The JS–44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS–44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS–44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**DISTRICT OF NEVADA**
BRUCE R. THOMPSON U.S. COURTHOUSE
AND FEDERAL BUILDING
400 SOUTH VIRGINIA STREET #301
RENO, NEVADA 89501
(702) 686-5800

**LANCE S. WILSON**
DISTRICT COURT EXECUTIVE/CLERK

October 6, 1999

**LINDA LEA SHARER**
CHIEF DEPUTY, RENO

**CYNTHIA J. COHN**
CHIEF DEPUTY, LAS VEGAS

Denis F. Gordon, Esq.
GORDON & BARNETT
1133  21st Street, NW
Suite 450
Washington, D.C. 20036

Re: DAVID W. ALLEN, et al.  vs.  AMERICAN AIRLINES, INC., et al.
    CV-N-99-539-DWH(RAM)

Dear Mr. Gordon,

With regard to the above-entitled action, please be advised as follows:

____✓____  Please complete and return within the time frame set forth in Local Rule IA 10-2 of this Court the enclosed "Verified Petition for Permission to Practice in this Case Only." The text of that Local Rule follows:

### LR IA 10-2.  ADMISSION TO PRACTICE IN A PARTICULAR CASE

(a)  An attorney who is not admitted to the bar of this court but who has been retained or appointed to appear in a particular case may do so only with the permission of the court. Application for such permission shall be by verified petition on the form furnished by the clerk.  The petitioner shall furnish all information required by the form and certify that he or she is a member in good standing of the highest court of a state, commonwealth, territory, or the District of Columbia and is on active status.  A copy of any petition under this rule shall be served by the petitioner upon the State Bar of Nevada at its Las Vegas office, 201 Las Vegas Boulevard South, Las Vegas, Nevada 89101.  The verified petition shall be accompanied by the admission fee set by the court.

(b)  An attorney whose verified petition is pending shall take no action in the case beyond filing the first pleading or motion.  Until permission is granted, the clerk shall not issue summons or other writ.

5/97                                                              **PLEASE SEE REVERSE SIDE**

2.

(c) Unless otherwise ordered by the court, any attorney who is granted permission to practice pursuant to this rule shall associate a resident member of the bar of this court as co-counsel. The attorneys shall confirm the association by filing a completed designation of resident counsel on the form provided by the clerk. The resident attorney must have authority to sign binding stipulations. The time of performing any act under these rules or the Federal Rules of Civil, Criminal and Bankruptcy Procedure shall run from the date of service on the resident attorney. Unless otherwise ordered by the court, such resident attorney need not personally attend all proceedings in court.

(d) In civil cases, attorneys shall have forty-five (45) days after their first appearance to comply with all the provisions of this rule.

(e) In criminal cases, attorneys shall have ten (10) days after their first appearance to comply with all the provisions of this rule. In addition, the defendant(s) shall execute designation(s) of retained counsel, which shall also bear the signatures of both the attorney appearing *pro hac vice* and the associated resident attorney. Such designation(s) shall be filed and served within the same ten (10) day period.

(f) When all the provisions of this rule are satisfied, the court may enter an order approving the verified petition for permission to practice in the particular case. Such permission is limited to the particular case and no certificate shall be issued by the clerk.

(g) Failure to comply timely with this rule may result in the striking of any and all documents previously filed by such attorney, the imposition of other sanctions, or both.

_____ Please see enclosed Notice To Counsel Not Admitted to the Bar of this Court regarding requirement to associate a resident attorney who is admitted to the Bar of this Court.

_____ Other:

LANCE S. WILSON, CLERK

By: OMA L. ROSE
Deputy Clerk